# THE BOZZELLI LAW FIRM

211 N. 13TH STREET – SUITE 701
PHILADELPHIA, PA 19107
267-251-7822[PHONE] 215-893-8534 [FAX]

Tuesday, December 28, 2021

Honorable Gene E.K. Pratter
10613 United States Courthouse
601 Market Street
Philadelphia  PA 19106

**Re:    USA vs Samantha Hollis; 2:18-cr-00101-12**

Honorable Gene E.K. Pratter:

      Please accept this letter in lieu of a more formal response motion.  On December 16, 2021, the Court ordered that defense counsel shall file a motion addressing co-defendant Brown's Motion to Continue.  I regrettably believe that the most prudent course of action would be to continue the matter until the Spring.  Counsel would also be opposed to a severance and would prefer for all defendants to be tried together.  My position on the continuance is different from my position at our most recent pre-trial conference due to the rise of infections in the area and nation.

      As the court is aware, I have litigated 2 jury trials in Federal Court since October.  I am fully vaccinated and I felt comfortable participating in those trials.  However, the trial before your Honor in October lasted 1 week with 2 defendants.  My November trial with Judge Sanchez lasted 2 days with 1 defendant.  My biggest concern is not becoming infected with COVID, but how the most recent rise in infections would affect the progression of the trial.  For example, in just the last 48 hours I have been made aware that I have come into close contact with 3 people who have tested positive for COVID.  If this took place during the trial, would we be required to pause the trial for the 5 day quarantine period?  This could cause the trial to be postponed for, at best 3 days or at worst a full week.  Naturally, I am just one participant.  As co-counsel points out in his

BOZZELLI.LAW@GMAIL.COM

response motion [Docket #342], there will be close to 40 participants in the court room on a daily basis. It seems inevitable that several participants will come into close contact or themselves become infected during these winter months. It is for this reason alone that I believe that a continuance is prudent.

  I would also suggest that whenever the trial is conducted, that it would be better suited in your Honor's courtroom than the Ceremonial courtroom. I think that there would be enough room for all the defendants if we were able to fit 1 additional table on the defense side. In my opinion, the Ceremonial courtroom would not allow for the use of technology which this trial will require and I think your Honor's courtroom provides a better layout.

  Finally, I spoke with a friend who practices law in Delaware. He mentioned that he recently conducted a Federal jury trial before Chief Judge Colm Connolly. In that case, the potential jury pool were asked if they wished to share their vaccination status. All jurors who refused to answer or answered in the negative were excused. I offer this as a suggestion for our trial. My recent Federal jury experiences lead me to believe that most jurors are willing to serve and I do not believe that they would use this as an excuse to get out of serving on the jury. I think that by having a fully vaccinated jury panel we can cut down any quarantine period to a minimum number of days pursuant to the most recent CDC recommendations. Thank you for your consideration.

            Sincerely,

            Lawrence J Bozzelli, Esq.
            Attorney for Samantha Hollis

BOZZELLI.LAW@GMAIL.COM